UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UTAH TRAILWAYS CHARTER BUS COMPANY, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SMALL BUSINESS ADMINISTRATION, et al., <br><br> Defendants. | Civil Action No. 24-1659 (TNM) |

## <u>ANSWER</u>

Defendants Small Business Administration ("SBA"); its Administrator, Isabella Casillas Guzman, in her official capacity; Janet Yellen, in her official capacity as Secretary of the Department of Treasury; and the United States (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Utah Trailways Charter Bus Company, LLC, Maverick Kirkland II LLC, WENDOVER NUGGET OPERATOR LLC, NG Washington III LLC, Maverick Lakewood LLC, Maverick Kirkland LLC, MVFTWO SERIES THREE, Red Garter Operator LLC, Johnny Z Casino Operator LLC, Gold Country Operator LLC, MVTWO, TROPICALSMOOTHIEAZ2, TROPICALSMOOTHIEAZ3, VERITASFAYTHE INC., and VERITASFAYTHESEVEN LLC ("Plaintiffs"). To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action;

and (c) are admissible in this, or any other, action. Defendants deny every allegation contained in the Complaint except as expressly admitted or qualified in this Answer to the Complaint.

1.      Defendants admit the allegations in Paragraph 1.

2.      Defendants admit the allegations in the first portion Paragraph 2 regarding the enactment of the Paycheck Protection Program to help "the PPP to help keep small businesses afloat and keep Americans employed by providing billions of dollars of loans to qualified small businesses." The remaining portion of the allegations in Paragraph 2 purport to characterize a statute which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

3.      The allegations in Paragraph 3 purport to characterize a statute which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

4.      The allegations in Paragraph 4 purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited Interim Final Rule for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

5.      Defendants admit that Plaintiffs applied for their Paycheck Protection Program loans prior to May 4, 2020. Defendants deny the remaining allegations in Paragraph 5.

6.      The allegations in Paragraph 6 purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court

to the cited Interim Final Rule for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

7.    Defendants admit that Mr. Eric Persson indirectly or directly owns all Plaintiffs. The remaining allegations in Paragraph 7 purport to characterize SBA's denials which speak for themselves and are the best evidence of their contents.   Defendants respectfully refer the Court to SBA's denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with SBA's denials.

8.    Defendants admit that Plaintiffs timely appealed SBA's denials.  SBA denies that it "began a song and dance to avoid judicial review of its decisions that would play out over the next two years."  The remining allegations in Paragraph 8 purport to characterize Plaintiff's first administrative appeals and SBA's withdrawal of its decisions which speak for themselves and are the best evidence of their contents.   Defendants respectfully refer the Court to Plaintiff's first administrative appeals and SBA's withdrawal of its decisions for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the documents.

9.    The allegations in Paragraph 9 purport to characterize SBA's August 22, 2022, revised denial decisions, Plaintiffs' September 21, 2022, appeals, and the Office of Hearing Appeals' ("OHA") November 17, 2022, dismissal which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's August 22, 2022, revised denial decisions, Plaintiffs' September 21, 2022, appeals, and the Office of Hearing Appeals' November 17, 2022, dismissal for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the documents.

10.     Defendants deny the first allegation in Paragraph 10.  The remaining allegations in Paragraph 10 purport to characterize SBA's August 30, 2023, denial decision, and Plaintiffs' September 28, 2023, appeal, which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's August 30, 2023, denial decision, and Plaintiffs' September 28, 2023, appeal for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the documents.

11.     Defendants deny the allegations in the first portion of Paragraph 11.  The remining allegations in Paragraph 11 purport to characterize OHA's May 6, 2024, decision which speaks for itself and is the best evidence.  Defendants respectfully refer the Court to OHA's May 6, 2024, decision for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the decision.

12.     The allegations in Paragraph 12 are legal conclusions to which no response is required.  To the extent an answer is deemed required, Defendants deny the allegations and deny any violation of law.

13.     The allegations in Paragraph 13 are legal conclusions to which no response is required.  To the extent an answer is deemed required, Defendants deny the allegations and deny any violation of law.

14.     The allegations in Paragraph 14 are legal conclusions to which no response is required.  To the extent an answer is deemed required, Defendants deny the allegations and deny any violation of law.

15.     Defendants admit that Plaintiffs applied for their Paycheck Protection Program loans prior to May 4, 2020.  Defendants deny the remaining allegations in Paragraph 15.

16.    The allegations in Paragraph 16 are legal conclusions to which no response is required.

17.    The allegations in Paragraph 17 are legal conclusions to which no response is required.

18.    The allegations in Paragraph 18 are legal conclusions to which no response is required.  To the extent an answer is deemed required, Defendants deny the allegations and deny any violation of law.

19.    The allegations in Paragraph 19 purport to characterize OHA's May 6, 2024, decision which speaks for itself and is the best evidence.  Defendants respectfully refer the Court to OHA's May 6, 2024, decision for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the decision.

20.    The allegations in Paragraph 20 are legal conclusions to which no response is required.  To the extent an answer is deemed required, Defendants deny the allegations and deny any violation of law.

21.    The allegations in Paragraph 21 consist of Plaintiffs' characterization of this lawsuit to which no response is required.

## NATURE OF THE ACTION[1]

22.    The allegations in Paragraph 22 consist of Plaintiffs' characterization of this lawsuit to which no response is required.

---

[1]    For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations concerning Defendants, those allegations are denied.

## PARTIES

23.     Defendants admit that the address reflected in Paragraph 23 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 23.

24.     Defendants admit that the address reflected in Paragraph 24 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 24.

25.     Defendants admit that the address reflected in Paragraph 25 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 25.

26.     Defendants admit that the address reflected in Paragraph 26 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 26.

27.     Defendants admit that the address reflected in Paragraph 27 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 27.

28.     Defendants admit that the address reflected in Paragraph 28 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 28.

29.     Defendants admit that the address reflected in Paragraph 29 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 29.

30.      Defendants admit that the address reflected in Paragraph 30 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 30.

31.      Defendants admit that the address reflected in Paragraph 31 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 31.

32.      Defendants admit that the address reflected in Paragraph 32 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 32.

33.      Defendants admit that the address reflected in Paragraph 33 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 33.

34.      Defendants admit that the address reflected in Paragraph 34 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 34.

35.      Defendants admit that the address reflected in Paragraph 35 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 35.

36.      Defendants admit that the address reflected in Paragraph 36 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 36.

37.     Defendants admit that the address reflected in Paragraph 37 is Plaintiff's principal place of business.  Defendants lack sufficient knowledge and information to form a belief about the truth of the remaining allegations in Paragraph 37.

38.     Defendants admit the allegations in Paragraph 38.

39.     Defendants admit the allegations in Paragraph 39.

40.     Defendants admit that Janet Yellen is the Secretary of the United States Department of Treasury and that Plaintiffs have named Secretary Yellen as a defendant only in her official capacity.  Defendants deny the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are legal conclusions to which no response is required.

## JURISDICTION AND VENUE

42.     The allegations contained in Paragraph 42 are conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction subject to the terms and limitations of 28 U.S.C. § 1331.

43.     The allegations contained in Paragraph 43 are conclusions of law to which no response is required.

44.     The allegations contained in Paragraph 44 are conclusions of law to which no response is required.

45.     The allegations contained in Paragraph 45 are conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District under 28 U.S.C. § 1391(e)(1).

## STATUTORY BACKGROUND

46.     The allegations in Paragraph 46 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

47.     The allegations in Paragraph 47 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

48.     The allegations in Paragraph 48 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

49.     The allegations in Paragraph 49 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

50.     The allegations in Paragraph 50 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

51.     The allegations in Paragraph 51 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited

statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

52.     The allegations in Paragraph 52 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

53.     The allegations in Paragraph 53 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

54.     The allegations in Paragraph 54 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

55.     The allegations in Paragraph 55 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

56.     The allegations in Paragraph 56 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

57.     The allegations in Paragraph 57 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

58.     The allegations in Paragraph 58 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

59.     The allegations in Paragraph 59 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

## **FACTUAL BACKGROUND**

### **A.     Plaintiffs' Loans**

60.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 60.

61.     Defendants admit the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited statute.

63.     The allegations in Paragraph 63, including in its associated footnote, are legal conclusions to which no response is required.

64.    Defendants admit that each Plaintiff applied for a Paycheck Protection Program loan.  Defendants deny that SBA approved the loans.  Defendants aver that after each Plaintiff applied for a Paycheck Protection Program loan, its Lenders processed those applications on reliance of the Plaintiff's representations that it was eligible for its PPP loan.  Defendant admits that PPP loans were disbursed to Plaintiffs.  As to the allegations contained in the associated table in Paragraph 64, Defendants deny the allegations and aver that the dates listed in the associated table are dates that Plaintiffs signed the applications.  Defendants further aver that the listed loan amounts for each Plaintiff are for amounts that each Plaintiff's lender processed its application on reliance of each Plaintiff's own eligibility.

65.    Defendants admit the allegations in Paragraph 65.

66.    The allegations in Paragraph 66 purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited Interim Final Rule for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

67.    The allegations in Paragraph 67 purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited Interim Final Rule for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

68.    The allegations in Paragraph 68 purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited Interim Final Rule for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

69.    Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71 including in its associated table.

72.     Defendants deny the allegations in Paragraph 72 including in its associated table.

73.     Defendants deny the allegations in Paragraph 73 including in its associated table.

74.     Defendants deny the allegations in Paragraph 74 including in its associated table.

75.     Defendants deny the allegations in Paragraph 75 including in its associated table.

76.     Defendants deny the allegations in Paragraph 76 including in its associated table.

77.     Defendants deny the allegations in Paragraph 77 including in its associated table.

78.     Defendants deny the allegations in Paragraph 78 including in its associated table.

79.     Defendants lack sufficient knowledge and information to form a belief about the truth of the allegations in Paragraph 79.

**B.      Procedural History**

80.     The allegations in Paragraph 80 consist of Plaintiffs' characterization of this lawsuit to which no response is required.

81.     The allegations in Paragraph 81 consist of Plaintiffs' characterization of this lawsuit to which no response is required.

82.     The allegations in Paragraph 82 consist of Plaintiffs' characterization of this lawsuit to which no response is required.

*1.      First Round of Forgiveness Denials, Appeals, and Withdrawals*

83.     The allegations in Paragraph 83 purport to characterize SBA's initial denials and Plaintiffs' appeals which speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the SBA's initial denials and Plaintiff's appeals for a

complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the SBA's initial denials and Plaintiffs' appeals.

84.     The allegations in Paragraph 84 consist of Plaintiffs' characterization of this lawsuit to which no response is required.  Further, the allegations in Paragraph 84 purport to characterize SBA's withdrawals of its denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's withdrawals of its denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the withdrawals.

85.     The allegations in the first sentence of Paragraph 85 purport to characterize SBA's initial denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's initial denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the initial denials. Defendants deny the remaining allegations in Paragraph 85.

86.     The allegations in Paragraph 86 purport to characterize SBA's initial denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's initial denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the initial denials.

87.     The allegations in Paragraph 87 purport to characterize SBA's initial denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's initial denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the initial denials.

88.     The allegations in Paragraph 88 purport to characterize SBA's initial denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the

Court to the SBA's initial denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the initial denials.

89.    The allegations in Paragraph 89 purport to characterize SBA's initial denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's initial denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the initial denials.

90.    The allegations in Paragraph 90 purport to characterize SBA's initial denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's initial denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the SBA's initial denials.

91.    The allegations in Paragraph 91 purport to characterize SBA's withdrawals of its initial denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's withdrawal decisions for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the withdrawal decisions.

## 2.    *Second Round of Forgiveness Denials, Appeals, and Withdrawals*

92.    The allegations in Paragraph 92 purport to characterize SBA's August 22, 2022, denials which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the SBA's August 2, 2022, denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the August 2, 2022, denials.

93.    The allegations in Paragraph 93 purport to characterize SBA's August 22, 2022, denials which speak for themselves and are the best evidence of their contents.  Defendants

respectfully refer the Court to the SBA's August 2, 2022, denials for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the August 2, 2022, denials.

94.    Defendants admit the allegations in Paragraph 94.

95.    The allegations in Paragraph 95 purport to characterize SBA's withdrawals of its August 2, 2022, denials which speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the SBA's withdrawal decisions for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the withdrawal decisions.

96.    The allegations in Paragraph 96 purport to characterize SBA's withdrawals of its August 2, 2022, denials which speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the SBA's withdrawal decisions for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the withdrawal decisions.

97.    The allegations in Paragraph 97 purport to characterize OHA's November 17, 2022, dismissal which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to OHA's November 17, 2022, dismissal for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the dismissal.

### 3.    *Third Round of Forgiveness Denials*

98.    The allegations in Paragraph 98, including in its associated footnote, purport to characterize the SBA's August 30, 2023, denials and denial justifications which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the August 23, 2023, denials and denial justifications for a complete and accurate statement of

their contents and deny the allegations to the extent they are inconsistent with the denials and denial justifications.

99.     The allegations in Paragraph 99 purport to characterize the SBA's August 30, 2023, denial which speaks for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the August 23, 2023, denial for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the denial.

100.    The allegations in Paragraph 100 purport to characterize Plaintiffs' September 28, 2023, appeals (except for Plaintiff VERITASFAYTHESEVEN) which speaks for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the Plaintiffs' September 28, 2023, appeals for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the appeals.

101.    The allegations in Paragraph 101 consist of Plaintiffs' characterization of this lawsuit to which no response is required.

### 4.    *OHA Appeal Consolidation and Denial*

102.    The allegations in Paragraph 102 purport to characterize the Plaintiffs' September 28, 2023, and November 3, 2023, appeals which speaks for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to Plaintiffs' September 28, 2023, and November 3, 2023, appeals for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the appeals.

103.    The allegations in Paragraph 103 purport to characterize the Plaintiffs' September 28, 2023, and November 3, 2023, appeals which speaks for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to Plaintiffs' September 28, 2023, and

November 3, 2023, appeals for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the appeals.

104.    The allegations in Paragraph 104 purport to characterize the Plaintiffs' September 28, 2023, and November 3, 2023, appeals which speaks for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to Plaintiffs' September 28, 2023, and November 3, 2023, appeals for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the appeals.

105.    The allegations in Paragraph 105 purport to characterize the Plaintiffs' September 28, 2023, and November 3, 2023, appeals which speaks for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to Plaintiffs' September 28, 2023, and November 3, 2023, appeals for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the appeals.

106.    The allegations in Paragraph 106 purport to characterize the Plaintiffs' September 28, 2023, and November 3, 2023, appeals which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to Plaintiffs' September 28, 2023, and November 3, 2023, appeals for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the appeals.

107.    The allegations in Paragraph 107 purport to characterize OHA's November 29, 2023, Revised Order and Notice which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to OHA's November 29, 2023, Revised Order and Notice for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the Revised Order and Notice.

108.    The allegations in Paragraph 108 purport to characterize OHA's November 29, 2023, Revised Order and Notice which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to OHA's November 29, 2023, Revised Order and Notice for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the Revised Order and Notice.

109.    The allegations in Paragraph 109 purport to characterize OHA's May 6, 2024, denial which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to OHA's May 6, 2024, denial for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the denial.

110.    The allegations in Paragraph 110 purport to characterize OHA's May 6, 2024, denial which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to OHA's May 6, 2024, denial for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the denial.

111.    The allegations in Paragraph 111 purport to characterize OHA's May 6, 2024, denial which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to OHA's May 6, 2024, denial for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the denial.

112.    The allegations in Paragraph 112 purport to characterize OHA's May 6, 2024, denial which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to OHA's May 6, 2024, denial for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the denial.

**C.    The SBA's Actions Were Arbitrary, Capricious, Contrary to Law, and in Excess of Statutory Right**

113.    The allegations in Paragraph 113 purport to characterize a statute which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the statute and deny the allegations to the extent they are inconsistent with the statute.

114.    The allegations in Paragraph 114 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

115.    The allegations in Paragraph 115 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

116.    The allegations in Paragraph 116 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

117.    The allegations in Paragraph 117 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

**1.    *The SBA's Determination That Plaintiffs Form a Single Corporate Group Is Arbitrary, Capricious, and Contrary to Law***

*a.    The SBA's Interpretation of the Term "Common Parent" Is Erroneous*

118.    The allegations in Paragraph 118 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

119.    The allegations in Paragraph 119 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.  Additionally, the allegations purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited Interim Final Rule for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

120.    The allegations in Paragraph 120 are conclusions of law to which no response is required.

121.    The allegations in Paragraph 121 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize regulations which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the regulations for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the regulations.

122.    The allegations in Paragraph 122 are conclusions of law to which no response is required.

123.    The allegations in Paragraph 123 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.  Additionally, the allegations purport to characterize regulations which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the regulations for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the regulations.

124.    The allegations in Paragraph 124 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize an Interim Final Rule which speaks

for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited Interim Final Rule for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

125.    The allegations in Paragraph 125 are conclusions of law to which no response is required. Additionally, the allegations purport to characterize the administrative record which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the administrative record for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the administrative record.

126.    The allegations in Paragraph 126 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

b. *The SBA Actually Relied on Irrelevant Rules in Determining Plaintiffs Constituted A Single Corporate Group*

127.    The allegations in Paragraph 127 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

128.    The allegations in Paragraph 128 are conclusions of law to which no response is required. Additionally, the allegations purport to characterize the administrative record which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the administrative record for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the administrative record.

129.    The allegations in Paragraph 129 are conclusions of law to which no response is required. Additionally, the allegations purport to characterize the administrative record which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court

to the administrative record for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the administrative record.

130.    The allegations in Paragraph 130 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize the administrative record which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the administrative record for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the administrative record.

131.    The allegations in Paragraph 131 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize the administrative record which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the administrative record for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the administrative record.

132.    The allegations in Paragraph 132 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize the administrative record which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the administrative record for a complete and accurate statement of its contents and deny the allegations to the extent they are inconsistent with the administrative record.

133.    The allegations in Paragraph 133 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

> ## 2. The SBA's Retroactive Application of the Interim Final Rule is Arbitrary, Capricious, Contrary to Law, and In Excess of the SBA's Statutory Authority

134.    The allegations in Paragraph 134 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

135.    The allegations in Paragraph 135 are conclusions of law to which no response is required.

136.    The allegations in Paragraph 136 purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited Interim Final Rule and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

137.    The allegations in Paragraph 137 purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited Interim Final Rule and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

138.    The allegations in Paragraph 138 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize regulations which speak for themselves and are the best evidence of its contents.  Defendants respectfully refer the Court to the cited regulations for a complete and accurate statement of their contents and deny the allegations to the extent they are inconsistent with the cited regulations.

139.    The allegations in Paragraph 139 purport to characterize regulations which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court

to the cited regulations and deny the allegations to the extent they are inconsistent with the cited regulations.

140.    The allegations in Paragraph 140 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.  Additionally, the allegations purport to characterize regulations which speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the cited regulations and deny the allegations to the extent they are inconsistent with the cited regulations.

141.    The allegations in Paragraph 141, including its subparts, are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.  Additionally, the allegations purport to characterize a regulation which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited regulation and deny the allegations to the extent they are inconsistent with the cited regulation.

142.    The allegations in Paragraph 142 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize the CARES Act which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the CARES Act and deny the allegations to the extent they are inconsistent with the CARES Act.

143.    The allegations in Paragraph 143 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

144.    The allegations in Paragraph 144 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

### 3.    *The SBA's Issuance of the Corporate Group Rule is Ultra Vires*

145.    The allegations in Paragraph 145 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

146.    The allegations in Paragraph 146 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize the CARES Act which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the CARES Act and deny the allegations to the extent they are inconsistent with the CARES Act.

147.    The allegations in Paragraph 147 are conclusions of law to which no response is required.

148.    The allegations in Paragraph 148 are conclusions of law to which no response is required.  Additionally, the allegations purport to characterize an Interim Final Rule which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited Interim Final Rule and deny the allegations to the extent they are inconsistent with the cited Interim Final Rule.

149.    The allegations in the first sentence of Paragraph 149 are conclusions of law to which no response is required.  The remaining allegations purport to characterize the CARES Act which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the CARES Act and deny the allegations to the extent they are inconsistent with the statute.

150.    The allegations in Paragraph 150 are conclusions of law to which no response is required.

151.    The allegations in Paragraph 151 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

## COUNT I

**VIOLATION OF ADMINSITRATIVE PROCEDURE ACT 5 U.S.C. § 706(2)(A): DEFENDANTS' ITNERPRETATION OF IFR 7 IS ARBITRARY, CAPRICIOUS, AND CONTRARY TO LAW**

152.    Defendants incorporate their responses to paragraphs 1– 151 as if set forth fully herein.

153.    The allegations in Paragraph 153 are conclusions of law to which no response is required.

154.    The allegations in Paragraph 154 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

155.    The allegations in Paragraph 155 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

156.    The allegations in Paragraph 156 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

157.    The allegations in Paragraph 157 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

## COUNT II

**VIOLATION OF ADMINISTRATIVE PROCEDURE ACT 5 U.S.C. § 706(2)(A): DEFENDANTS' RETROACTIVE APPLICATION OF IFR 7 IS ARBITRARY, CAPRICIOUS, AND CONTRARY TO LAW**

158.    Defendants incorporate their responses to paragraphs 1– 157 as if set forth fully herein.

159.    The allegations in Paragraph 159 are conclusions of law to which no response is required.

160.    The allegations in Paragraph 160 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

161.    The allegations in Paragraph 161 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

162.    The allegations in Paragraph 162 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

## COUNT III

**VIOLATION OF THE ADMINSITRATIVE PROCEDURE ACT 5 U.S.C. § 706(2)(C): DEFENDANT'S RETROACTIVE APPLCIATION OF IFR 7 IS IN EXCESS OF DEFENDANTS' STATUTORY AUTHORITY**

163.    Defendants incorporate their responses to paragraphs 1– 162 as if set forth fully

herein.

164.    The allegations in Paragraph 164 are conclusions of law to which no response is required.

165.    The allegations in Paragraph 165 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

166.    The allegations in Paragraph 166 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

167.    The allegations in Paragraph 167 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

### **<u>COUNT IV</u>**

### **VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT 5 U.S.C. § 706(2)(C): IFR 7 WAS PROMULGATED IN EXCESS OF DEFENDANTS' STATUTORY AUTHORITY**

168.    Defendants incorporate their responses to paragraphs 1– 167 as if set forth fully herein.

169.    The allegations in Paragraph 169 are conclusions of law to which no response is required.

170.    The allegations in Paragraph 170 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

171.    The allegations in Paragraph 171 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

172.    The allegations in Paragraph 172 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

## COUNT V

### INJUNCTIVE RELIEF

173.    Defendants incorporate their responses to paragraphs 1– 172 as if set forth fully herein.

174.    The allegations in Paragraph 174 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

175.    The allegations in Paragraph 175 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

176.    The allegations in Paragraph 176 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

177.    The allegations in Paragraph 177 are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint contain Plaintiffs' requested relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses.  Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Sovereign immunity bars a portion of Plaintiff's requested relief.

## SECOND DEFENSE

SBA's decision was the product of reasoned decision making, supported by record evidence, and consistent with the law.

\*       \*       \*

- 31 -

Dated: August 26, 2024
          Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/ Dedra S. Curteman_____
       DEDRA S. CURTEMAN,
       D.C. Bar #90021492
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2550

*Attorneys for the United States of America*