**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UTAH TRAILWAYS CHARTER BUS COMPANY LLC, *et al.*, | |
| Plaintiffs, | Case No. 1:24-cv-01659 (TNM) |
| v. | |
| SMALL BUSINESS ADMINISTRATION, *et al.*, | |
| Defendants. | |

**NON-DEBTOR PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANTS' MOTION TO STAY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION .........................................................................................................1

BACKGROUND ...........................................................................................................2

LEGAL STANDARD FOR THE REQUESTED STAY ...............................................3

ARGUMENT ................................................................................................................4

      A.     The Bankruptcy Cases Are Not Cause For a Stay ....................................4

      B.     The Plaintiffs Are Harmed By Delay........................................................5

      C.     The Defendants Have No Need for a Stay.................................................6

      D.     Judicial Economy Does Not Favor a Stay of this Action .........................7

CONCLUSION..............................................................................................................8

**TABLE OF AUTHORITIES**

Cases

*Belize Soc. Dev. Ltd. v. Government of Belize*,
  668 F.3d 724 (D.C. Cir. 2012) ......................................................................................3, 4, 7

Blasket Renewable Invs. v. Kingdom of Spain,
  Civ. Action No. 1:19-cv-3783 (CJN), 2025 WL 2320368 (D.D.C. Aug. 12, 2025) .............4, 5

*Clinton v. Jones*,
  520 U.S. 681 (1997)............................................................................................................3, 4

Ctr. for Biological Diversity v. Ross,
  419 F. Supp. 3d 16 (D.D.C. 2019) ........................................................................................3

DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.,
  448 F.3d 460 (1st Cir. 2006)..................................................................................................5

HDI Global Specialty SE v. Stanton View Developments, LLC,
  No. 24-965 (SLS), 2025 WL 843284 (D.D.C. Mar. 18, 2025)..................................................7

Landis v. N. Am. Co.,
  299 U.S. 248 (1936)............................................................................................................3, 4

Maritime Elec. Co., Inc. v. United Jersey Bank,
  959 F.2d 1194 (3d Cir. 1991) .................................................................................................5

*Nat'l Indus. for the Blind v. Dep't of Veterans Affairs*,
  296 F. Supp. 3d 131 (D.D.C. 2017)......................................................................................4, 7

Olick v. Parker & Parsley Petroleum Co.,
  145 F.3d 513 (2d Cir. 1998)....................................................................................................5

Rohr Indus., Inc. v. Wash. Metro. Area Transit Auth.,
  720 F.2d 1319 (D.C. Cir. 1983) ..............................................................................................6

*Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. UPMC McKeesport,
  No. 22-cv-249 (TSC/GMH), 2022 WL 3644808 (D.D.C. Aug. 24, 2022).......................3, 4, 6


Statutes

11 U.S.C. § 362(a) ......................................................................................................................5

Plaintiffs MVFTWO LLC, MVFTWO SERIES THREE LLC, TROPICALSMOOTHIEAZ2 L.L.C., TROPICALSMOOTHIEAZ3 L.L.C., VERITASFAYTHE INC., and VERITASFAYTHESEVEN LLC (collectively, the "**Non-Debtor Plaintiffs**"), by and through their undersigned counsel, hereby submit this memorandum of points and authorities in opposition to the Defendants' motion to stay this action [Docket No. 32] (the "**Stay Motion**"), and respectfully state as follows:

## **INTRODUCTION**

1.      The Stay Motion seeks an indefinite stay of this action without any legal basis, factual basis or coherent argument in support of this extraordinary relief.  Among other things, the Defendants fail to establish that any interests of the Debtor Plaintiffs (as defined below) in this action would be affected by the resolution of their pending bankruptcy cases, that any such interests are intertwined with the interests of the Non-Debtor Plaintiffs, that the outcome of the Debtor Plaintiffs' bankruptcy cases will have any relevance to this action or to the Defendants, or that a stay of this action until the resolution of those bankruptcy cases (*i.e.*, a stay of indefinite duration) is in the interests of judicial economy.  Because the Defendants' bald, conclusory assertions do not meet the heavy burden to justify a stay of this action, the Stay Motion must be denied.

2.      This action was brought by the Plaintiffs more than a year ago, after more than four years of administrative runaround and shifting explanations, to remedy the Defendants' actions that were arbitrary, capricious, contrary to law, and in excess of the Defendants' statutory authority in denying PPP loan forgiveness to the Plaintiffs.  By seeking a stay until the resolution of the Debtor Plaintiffs' bankruptcy cases, which could be years away, the Defendants seek to evade this Court's oversight and indefinitely delay their reckoning.  Such a delay would further harm the Non-Debtor Plaintiffs and is not in the interests of justice.

1

## BACKGROUND

3.      On June 6, 2024, the Plaintiffs commenced this action by filing the Complaint.  As set forth therein, Eric Persson, an individual, is the direct or indirect owner of all or a majority of the equity interests of each of the Plaintiffs.  *See* Compl. Exhibit 3.

4.      On August 26, 2024, the Defendants filed an answer [Docket No. 12] and on September 25, 2024, the Defendants certified the administrative record [Docket No. 15].  On October 10, 2024, the Plaintiffs and the Defendants filed a motion to vacate the scheduling conference and stay the proceedings [Docket No. 16].  Since that time, the parties have been engaged in settlement discussions.

5.      On July 14, 2025, Plaintiffs Utah Trailways Charter Bus Co., LLC, Gold Country Operator LLC, Johnny Z Casino Operator LLC, Maverick Kirkland LLC, Maverick Kirkland II LLC, Maverick Lakewood LLC, NG Washington III LLC, Red Garter Operator LLC, and Wendover Nugget Operator, LLC (collectively, the "**Debtor Plaintiffs**"), together with certain of their affiliates, each commenced a voluntary case under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas.  The bankruptcy cases of the Debtor Plaintiffs, together with the bankruptcy cases of their affiliated debtors, are being jointly administered under the caption *In re RunItOneTime LLC*, Case No. 25-90191 (ARP).

6.      For the avoidance of doubt, the Non-Debtor Plaintiffs have not commenced any bankruptcy cases.  Without limiting the foregoing, the Non-Debtor Plaintiffs have not appeared in and are not party to the Debtor Plaintiffs' bankruptcy cases and are not subject to the jurisdiction of the United States Bankruptcy Court for the Southern District of Texas.

7. At the time that the Debtor Plaintiffs commenced their bankruptcy cases, the parties to this action were nearing a settlement. After the Defendants requested additional time to evaluate the impact of such developments on the proposed settlement, the Plaintiffs obliged with the stay requested on August 15, 2025 [Docket No. 29] and had consented to seek an additional 30 day stay.

8. The Defendants filed the Stay Motion on September 16, 2025. As described in the supporting declaration of David S. Forsh filed contemporaneously herewith, the Defendants did not meet and confer with the Plaintiffs before filing the Stay Motion. Accordingly, the Stay Motion was filed by the Defendants without complying with Local Civil Rule 7(m).

## LEGAL STANDARD FOR THE REQUESTED STAY

9. A district court has the discretion to exercise its inherent power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising this discretion, courts consider three factors: "(1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. UPMC McKeesport*, No. 22-cv-249 (TSC/GMH), 2022 WL 3644808, at *3 (D.D.C. Aug. 24, 2022) (quotation marks omitted) (quoting *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019)). Consideration of these factors requires the court to "'weigh competing interests and maintain an even balance,' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Government of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Where there are independent proceedings which bear upon the case before the court, the "general principle is that courts should avoid duplicative litigation." *UPMC McKeesport*, 2022

3

WL 3644808, at *2 (quotation omitted).  A stay of indefinite duration in the absence of a pressing need is an abuse of discretion.  *Belize*, 668 F.3d at 731-32.

10.     "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.  The movant's burden is high because staying a pending action is "an extraordinary remedy."  *Nat'l Indus. for the Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017).  If there is "even a fair possibility" that the stay will damage the nonmoving party, the movant "must make out a clear case of hardship or inequity in being required to go forward." *UPMC McKeesport*, 2022 WL 3644808, at *3 (quotation marks omitted) (quoting *Landis*, 299 U.S. at 255).  "Moreover, and notably, a stay is not a matter of right, even if irreparable injury might otherwise result."  *Nat'l Indus.*, 296 F. Supp. 3d at 138 (quotation and internal marks omitted).

## **ARGUMENT**

### A.     THE BANKRUPTCY CASES ARE NOT CAUSE FOR A STAY

11.     As an initial matter, the Defendants fail to establish any relationship or relevance of the Debtor Plaintiffs' pending bankruptcy cases to this action or the requested stay.  The Stay Motion contains only conclusory, bald assertions that such bankruptcy cases will affect the rights of some Plaintiffs or that the outcome of such cases "may" impact the resolution of this litigation. Nothing in the Stay Motion permits any of the findings by the Court that are necessary for a stay.

12.     The sole authority offered by the Defendants in their argument is inapposite.  *See* Stay Motion at 4 (quoting *Blasket Renewable Invs. v. Kingdom of Spain*, Civ. Action No. 1:19-cv-3783 (CJN), 2025 WL 2320368, at *2 (D.D.C. Aug. 12, 2025).  The stay referenced in that decision was issued when the other proceeding "presented many of the same arguments" as those pending before the *Blasket* court, and a resolution of that other proceeding "*would* significantly impact" the

4

pending litigation before that court. *Blasket*, 2025 WL 2320368, at *2 (internal marks omitted, emphasis added).[1] Here, the Defendants wholly fail to establish that *any* "of the same arguments" are at issue in the bankruptcy cases and in this action, or that a resolution of the bankruptcy cases "*would* significantly impact" this action.

13.    The Defendants also fail to establish how the mere fact that the interests of the Debtor Plaintiffs are now the property of their respective bankruptcy estates is relevant to this action. *See* Stay Motion at 3-4. To be clear: this action is not stayed by the commencement of the bankruptcy cases because the automatic stay imposed by the Bankruptcy Code applies only to actions "*against* the debtor." 11 U.S.C. § 362(a) (emphasis added). It is black letter law that the automatic stay does not apply to actions brought by the debtor. *See, e.g.*, *DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co.*, 448 F.3d 460, 463 (1st Cir. 2006) (the automatic stay "has absolutely no effect on the debtors' ability to bring suit *against other parties*.") (emphasis in original); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 516 (2d Cir. 1998) (affirming district court decision to deny stay of action brought by a debtor); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) ("The [automatic stay] does not address actions brought *by* the debtor . . .") (quotation omitted, emphasis in original). Accordingly, the Debtor Plaintiffs' bankruptcy cases do not present any automatic stay issue and are not cause for a stay of this action.

**B.    THE PLAINTIFFS ARE HARMED BY DELAY**

14.    The Defendants' bald assertion that the Plaintiffs will not suffer harm from the requested stay is baseless. *See* Stay Motion at 4. The Plaintiffs have been attempting to obtain

---

[1] Contrary to the quotation presented by the Defendants, the *Blasket* decision does not address bankruptcy proceedings. *Compare* Stay Motion at 4 *with Blasket*, 2025 WL 2320368, at *2.

forgiveness of their respective PPP loans, as intended by Congress and provided by statute, for almost four years now in a process that has been stretched out by the Defendants and their multiple, differing explanations for their actions.  In addition to this delay, the Defendants' denial of loan forgiveness adversely affects the value and financial position of the Non-Debtor Plaintiffs and creates additional burdens for the Non-Debtor Plaintiffs with their lenders.  Now the Defendants seek to indefinitely delay a remedy for all Plaintiffs by a stay pending the resolution of the Debtor Plaintiffs' bankruptcy cases, which will be an unknown number of years in the future.  "Justice delayed is justice denied." *Rohr Indus., Inc. v. Wash. Metro. Area Transit Auth.*, 720 F.2d 1319, 1327 (D.C. Cir. 1983) (quotation omitted).  The delay now sought by the Defendants would further deny justice to the Plaintiffs and harm the Non-Debtor Plaintiffs.

**C.    THE DEFENDANTS HAVE NO NEED FOR A STAY**

15.    The Defendants wholly fail to establish any need for a stay, let alone the requisite "clear case of hardship or inequity." *UPMC McKeesport*, 2022 WL 3644808, at *3 (quotation omitted).  They fail to identify any duplicative issues that will be litigated in the bankruptcy cases and fail to identify any harm from this action going forward.  Indeed, the Defendants do not present *any* argument whatsoever of any hardship or of any inequity that they will incur or are facing because this action is not stayed.  While the Defendants make a bare, conclusory allegation of the existence of an interest in a "global resolution as to all the claims in this action," Stay Motion at 4, they fail to establish how any such interest is harmed by the pendency of the bankruptcy cases or would be resolved by a stay pending the resolution of the bankruptcy cases, among other things. Nothing in the record permits any such determination by the Court.

**D.      JUDICIAL ECONOMY DOES NOT FAVOR A STAY OF THIS ACTION**

16.      The Defendants also fail to establish that a stay would serve the interests of judicial economy.  They fail to even allege what issues relevant to this action will be adjudicated in the Debtor Plaintiffs' bankruptcy cases or how the outcome of those bankruptcy cases will impact this action.  Their bald assertion that the outcome of the bankruptcy cases "may significantly impact" the resolution of this action is rank speculation without any supporting argument or evidence. They fail to cite even a single case granting a stay of a pending action based on the plaintiff having commenced a bankruptcy case.  Nothing in the record justifies the extraordinary relief requested by the Stay Motion.  *See, e.g.*, *HDI Global Specialty SE v. Stanton View Devs., LLC*, No. 24-965 (SLS), 2025 WL 843284, at *3 (D.D.C. Mar. 18, 2025) (denying a stay where the other proceeding "appear[s] unlikely to resolve dispositive or important issues in this case"); *Nat'l Indus.*, 296 F. Supp. 3d at 142-43 (finding that a stay would not further judicial economy where, among other things, there was uncertainty that the issue would be determined in the other matter).

17.      For the avoidance of doubt, the Stay Motion seeks a stay of indefinite duration.  The Debtor Plaintiffs are among 68 affiliated debtors being jointly administered by the bankruptcy court as described above, and those bankruptcy cases are still in the early stages.  No plan of reorganization has been filed and many key issues in those cases remain unresolved.  It is unknown and wholly speculative how long it will be until those bankruptcy cases are resolved.  Accordingly, the Stay Motion seeks an indefinite stay with no showing of "pressing need" as required under *Landis*.  *See Belize Soc. Dev.*, 668 F.3d at 732-33 (district court order to stay action pending the outcome of related litigation of indefinite duration was an abuse of discretion under *Landis*).

*[ remainder of page intentionally left blank ]*

7

**CONCLUSION**

18.    WHEREFORE, the Non-Debtor Plaintiffs respectfully request that the Court deny the Stay Motion in its entirety.

Dated: September 30, 2025

Respectfully submitted,

*/s/ Brandi G. Howard*
Brandi G. Howard (DC Bar No. 156135)
McGuire Woods LLP
888 16th Street N.W., Suite 500
Washington, D.C. 20006
Tel: (202) 857-2468
Fax: (202) 828-3338
bhoward@mcguirewoods.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
Raines Feldman Littrell LLP
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Tel: (310) 440-4100
hrafatjoo@raineslaw.com

- and -

David S. Forsh (*pro hac vice* forthcoming)
Raines Feldman Littrell LLP
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Tel: (917) 790-7100
dforsh@raineslaw.com

*Attorneys for Plaintiffs MVFTWO LLC, MVFTWO
SERIES THREE LLC, TROPICALSMOOTHIEAZ2
L.L.C., TROPICALSMOOTHIEAZ3 L.L.C.,
VERITASFAYTHE INC., VERITASFAYTHESEVEN LLC*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

/s/ Brandi G. Howard
Brandi G. Howard