**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UTAH TRAILWAYS CHARTER BUS COMPANY LLC, *et al.*,<br><br>  Plaintiffs,<br>  v.<br><br>SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-01659 (TNM) |

**DECLARATION OF DAVID S. FORSH IN SUPPORT OF NON-DEBTOR'S
PLAINTIFFS' MEMORANDUM OF LAW AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

I, David S. Forsh, declare as follows:

1.      I am a partner of Raines Feldman Littrell LLP, co-counsel to plaintiffs MVFTWO LLC, MVFTWO SERIES THREE LLC, TROPICALSMOOTHIEAZ2 L.L.C., TROPICALSMOOTHIEAZ3 L.L.C., VERITASFAYTHE INC., and VERITASFAYTHESEVEN LLC (collectively, the "**Non-Debtor Plaintiffs**") in this action.

2.      I submit this declaration in connection with the Defendants' motion to stay this action [Docket No. 32] (the "**Stay Motion**"), the Defendant's supplemental status report [Docket No. 31], and the Non-Debtor Plaintiffs' memorandum of points and authorities in opposition to the Stay Motion that is filed contemporaneously herewith (the "**Opposition**").  If called to testify, I would testify competently to the facts set forth herein.

3.      Counsel for the Defendants did not confer with counsel for the Plaintiffs prior to the filing of the Stay Motion as required by Local Civil Rule 7(m).

4.      Rather, counsel for the Defendants first notified counsel for the Plaintiffs at 1:36 p.m. (ET) on September 15, 2025, the date that a status report was due, and after the Plaintiffs had

already agreed to seek an additional 30 day stay, that the Defendants would be seeking a stay of this action until the resolution of the pending bankruptcy cases of the Plaintiffs that are not Non-Debtor Plaintiffs (collectively, the "**Debtor Plaintiffs**").

5.      After receiving this notification, I responded that a stay was "quite unlikely to be relevant to the resolution" and offered – twice – to discuss this with counsel for the Defendants, who did not then respond or engage on these points.  At no time did counsel for the Defendants substantively respond or otherwise confer on this stay request with me or, to the best of my knowledge and belief, with other counsel for any Plaintiffs.

6.      I am aware of certain statements in the Defendants' supplemental status report [Docket No. 31] concerning the communications between counsel in advance of the filing of the most recent joint status report [Docket No. 30].  A review of the unredacted communications among counsel between September 11, 2025 and September 15, 2025, copies of which will be provided to the Court upon request, would show that supplemental status report misrepresents such communications.

7.      Without limiting the foregoing, the exhibits attached to the Defendants' supplemental status report [Docket No. 31] show (despite their redaction) that, on September 11, 2025, the Defendants asked if the Plaintiffs would agree to a stay of the action pending the resolution of the bankruptcy cases, and on September 12, 2025, the Plaintiffs responded that that they would not so agree.  There was no other discussion of the need for a stay or any basis therefor, no notice that the Stay Motion would be filed, and no meet and confer by the Defendants in advance of the filing of the Stay Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 30, 2025

                                                       _/s/ David S. Forsh_____
                                                       David S. Forsh