UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UTAH TRAILWAYS CHARTER BUS
COMPANY LLC, et al.,

       Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION,
et al.,

       Defendants.

Civil Action No. 24-1659 (TNM)

**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
<u>MOTION TO STAY</u>**

**TABLE OF CONTENTS**

Table of Contents......................................................................................................................i

Argument ............................................................................................................................... 1

    I.      Plaintiffs' Interests Are Intertwined........................................................................ 1

    II.     Judicial Economy Supports a Stay........................................................................ 2

    III.    The Balance of Hardships Favors a Stay. ............................................................. 3

    IV.   Defendants Properly Adhered to Local Rule 7(m). ............................................... 4

Conclusion ............................................................................................................................ 5

- ii -

**Table of Authorities**

*Blasket Renewable Invs. v. Kingdom of Spain*,
    Civ. A. No. 19-3783 (CJN), 2025 WL 2320368 (D.D.C. Aug. 12, 2025) ............................... 3

*Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. UPMC McKeesport*,
    Civ. A. No. 22-cv-249 (TSC/GMH), 2022 WL 3644808 (D.D.C. Aug. 24, 2022) .................. 2

Defendants Small Business Administration ("SBA"); Kelly Loeffler, in her official capacity as SBA Administrator; Scott Bessent, in his official capacity as Secretary of the Department of Treasury; and the United States (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this reply memorandum in support of their motion to stay ("Defs.' Mot.") (ECF No. 32).[1]

For the reasons explained in Defendants' motion to stay and herein, Defendants respectfully request that the Court stay this action and any forth coming deadlines pending the resolution of a related bankruptcy proceeding, *In re RunItOneTime LLC*, No. 25-90191 (Bankr. S.D. Tex. July 14, 2025).

## ARGUMENT

### I. Plaintiffs' Interests Are Intertwined.

In their opposition, Non-Debtor Plaintiffs contend that "Defendants fail[ed] to establish any relationship or relevance of the Debtor Plaintiffs' pending bankruptcy cases to this action or the requested stay." Pls.' Opp'n (ECF No. 33) ¶ 11.  However, Non-Debtor Plaintiffs' recitation of the history of this case actually supports Defendant's argument that this case should be stayed in an effort to avoid piece meal litigation. Non-Debtor Plaintiffs' opposition notes that on "June 6, 2024, the Plaintiffs [inclusive of fifteen entities] commenced this action by filing the Complaint [and] Eric Persson, an individual, is the direct or indirect owner of all or a majority of the equity interests of each of the Plaintiffs." Pls.' Opp'n ¶ 3.

The entire reason Plaintiffs brought this action was because SBA concluded at the administrative level that the entities were "part of a corporate group with Eric Persson as [their]

---

[1]    Defendant's Reply was initially due on October 7, 2025. However, Standing Order 25-59 (JEB) applies and automatically extended the deadline to December 1, 2025, which makes the current filing timely.

common owner and the group exceeded the maximum $20,000,000 allowed via subject loan disbursement." Pls.' Ex. 1 (Paycheck Protection Program Final SBA Loan Review Decision Letter) (ECF No. 1-1) at 2-31.  Hence, this entire litigation centers around Plaintiffs being one Corporate Group.

## II.  Judicial Economy Supports a Stay.

Citing *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. UPMC McKeesport,* Civ. A. No. 22-cv-249 (TSC/GMH), 2022 WL 3644808, at *3 (D.D.C. Aug. 24, 2022) ("*UPMC McKeesport*"), Non-Debtor Plaintiffs argue Defendants failed to "establish any need for a stay, let alone the requisite 'clear case of hardship or inequity.'" Non-Debtor Plaintiffs are incorrect.

First, in *UPMC McKeesport*, 2022 WL 3644808, at *3, which Non-Debtor Plaintiffs cite as support for their position, the motion to stay was denied because the parallel case that served as the basis for defendant's motion to stay had been dismissed. It was only after the parallel case was dismissed with prejudice that the Court found that the "judicial economy arguments underpinning [the defendant's] motion ha[d] therefore fallen away." *Id*. This is not the case in this action.  Since the July 15, 2025 meeting, the nine entities involved in the bankruptcy case ("Debtor Plaintiffs") have not directly provided any meaningful feedback to Defendants regarding a potential global resolution to this case or even the current motion to stay.[2] Notably, in the time since Non-Debtor Plaintiffs filed their opposition on September 30, 2025, there appear to have been a considerable number of developments in the related bankruptcy proceeding, including a sale of a variety of assets. *See e.g.*, *In re RunItOneTime LLC*, No. 25-90191 (Bankr. S.D. Tex.) (Orders Approving the Sales) (ECF Nos. 490, 754, 755, 776, 801, and 802. However, because of the similarity in the

---

[2]    Debtor Plaintiffs have since filed a response to Defendant's Motion to Stay, stating that they do not support the Motion to Stay. *See* Debtor Plaintiffs Resp. to Defs.'s Mot. to Stay (ECF No. 34).

names of assets sold in the bankruptcy proceeding and the names of Debtor Plaintiffs, it is unclear whether the current ownership can enter into agreements on behalf of Debtor Plaintiffs or if some Debtor Plaintiffs have new ownership. Here, Debtor Plaintiffs' interests are entirely controlled by the bankruptcy estate and being managed via the bankruptcy proceeding, so it is unclear what authority Debtor Plaintiffs have to litigate or bind the estate's interests in this case.

Second, that the bankruptcy proceeding will impact the resolution of this litigation is not a "conclusory, bald assertion[]." Pls.' Opp'n ¶ 11. Instead, without the full participation of the Debtor Plaintiffs, whose interests are currently or were previously a part of the bankruptcy estate, Defendants would effectively be forced into "piecemeal litigation," by litigating against Non-Debtor Plaintiffs, waiting for the bankruptcy case to resolve, and then litigating against Debtor Plaintiffs.

Hence, judicial economy weighs in favor of allowing Debtor Plaintiffs interests to be resolved in the bankruptcy proceeding so that any ruling by this Court or resolution by the parties will resolve this action completely. *See Blasket Renewable Invs. v. Kingdom of Spain*, Civ. A. No. 19-3783 (CJN), 2025 WL 2320368, at *2 (D.D.C. Aug. 12, 2025).

### III. The Balance of Hardships Favors a Stay.

Non-Debtor Plaintiffs contend that they have suffered hardship because the "denial of loan forgiveness adversely affects the value and financial position of the Non-Debtor Plaintiffs and creates additional burdens for the Non-Debtor Plaintiffs with their lenders." Pls.' Opp'n ¶ 14. However, it was Plaintiffs that applied for loans from SBA, *see* Compl. ¶ 64 and should have understood the risks and effects of receiving the loans.

In any event, as noted in Non-Debtor Plaintiffs' opposition, Defendants had been working closely with Plaintiffs to resolve this action, and it was only after Debtor Plaintiffs (who share a common ownership with Non-Debtor Plaintiffs) filed for bankruptcy that Defendants realized the

impact on the merits of the case.  Defendants would suffer immediate hardship if they are forced to expend resources to litigate a case to completion against Non-Debtor Plaintiffs and then relitigate it against Debtor Plaintiffs once their rights are settled in bankruptcy.

### IV. Defendants Properly Adhered to Local Rule 7(m).

Non-Debtor Plaintiffs contend Defendants failed to comply with Local Civil Rule 7(m). Pls.' Opp'n ¶ 8. Non-Debtor Plaintiffs also attach a Declaration from David S. Forsh, co-counsel to Non-Debtor Plaintiffs, in which Mr. Forsh states "Counsel for the Defendants did not confer with counsel for the Plaintiffs prior to the filing of the Stay Motion. *See* Forsh Decl. (ECF No. 33-1) ¶ 3. Non-Debtor Plaintiffs' contention is factually meritless.

Local Civil Rule 7(m) requires that, before filing a nondispositive motion, counsel  "shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought." As demonstrated by the Exhibits attached to Defendants' September 15, 2025, Supplemental Report to Clarify the Record, the undersigned sought Non-Debtor Plaintiffs and Debtor Plaintiffs' positions on whether the parties should seek a "stay pending the outcome of the bankruptcy" action on September 11, 2025 (ECF No. 31); *see also* Ex. 1 (ECF No. 31-1); Ex. 2 (ECF No. 31-2). Mr. Forsh himself admits that "on September 11, 2025 [five days before filing the motion], the Defendants asked if the Plaintiffs would agree to a stay of the action pending the resolution of the bankruptcy cases, and on September 12, 2025, the Plaintiffs responded that they would not so agree." Forsh Decl. ¶ 7. In fact, Mr. Forsh responded on both September 12, and September 15, 2025, stating that Non-Debtor Plaintiffs would not support a stay and that they opposed the motion. It is worth noting that only Non-Debtor Plaintiffs responded.  Both the documentary evidence and Mr. Forsh's own declaration support Defendant's position that the undersigned complied with  Local Civil Rule 7(m) by reaching out to the relevant parties in good faith to seek their position the relief sought.

- 5 -

## CONCLUSION

For these reasons and those in the motion to stay, the Court should stay this action pending

the resolution of *In re RunItOneTime LLC*, No. 25-90191 (Bankr. S.D. Tex. July 14, 2025).


Dated: December 1, 2025                    Respectfully submitted,

                                           JEANINE FERRIS PIRRO
                                           United States Attorney


                                           By:        /s/ *Derrick A. Petit*
                                               DERRICK A. PETIT, D.C. Bar #144466
                                               Assistant United States Attorney
                                               601 D Street, NW
                                               Washington, DC 20530
                                               (202) 252- 7269

                                           *Attorneys for the United States of America*