United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------ x

In re:                         :      Chapter 11

RUNITONETIME LLC, *et al.*,      :      Case No. 25-90191 (ARP)

           Debtors.[1]      :      (Jointly Administered)

------------------------------------------------------------ x

**ORDER APPROVING SETTLEMENT
AGREEMENT AMONG THE DEBTORS, THE NON-DEBTOR
AFFILIATES, AND THE UNITED STATES SMALL BUSINESS ADMINISTRATION**
**[Relates to Docket No. 1410]**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***") approving the Settlement Agreement, as more fully set forth in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion; and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary, and upon the record herein; and after due deliberation thereon; and the

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/RunItOneTime/. The relief requested herein is sought for each of the Debtors, and joint administration has been requested. The Debtors' mailing address is 12530 NE 144th Street, Kirkland, Washington 98304.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Debtors are authorized to enter into the Settlement Agreement and take all actions necessary to implement the Settlement Agreement attached hereto as **Exhibit 1** pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019. The releases, settlements, and compromises provided for in the Settlement Agreement are reasonable, fair, equitable, appropriate, and approved in all respects.

2. The Settlement Agreement is approved in all respects and shall be binding and enforceable in accordance with its terms on the Debtors, their estates, the Non-Debtor Parties, and the SBA, and each of their respective successors and permitted assigns.

3. The SBA Claims shall be resolved as follows:

- Claim No. 479 is fixed and allowed as a general unsecured claim against Red Garter Operator LLC in the amount of $566,972.00;

- Claim No. 480 is fixed and allowed as a general unsecured claims against Utah Trailways Charter Bus Company LLC in the amount of $89,185.49.;

- Claim No. 481 is fixed and allowed as a general unsecured claim against Maverick Lakewood LLC in the amount of $570,370.00;

- Claim No. 482 is fixed and allowed as a general unsecured claim against Maverick Kirkland LLC in the amount of $511,335.00;

- Claim No. 483 against Maverick Kirkland II LLC is disallowed;

- Claim No. 484 is fixed and allowed as a general unsecured claim against NG Washington III LLC in the amount of $318,674.66;

- Claim No. 485 is fixed and allowed as a general unsecured claim against Johnny Z Casino Operator LLC in the amount of $73,219.00;

- Claim No. 486 against Gold Country Operator LLC is disallowed; and

- Claim No. 491 against Wendover Nugget Operator is disallowed.

4.      Kroll Restructuring Administration LLC shall update the claims register to reflect the foregoing.

5.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: June 29, 2026

_____
Alfredo R Pérez
United States Bankruptcy Judge

# Exhibit 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into as of June 1, 2026 between and among Utah Trailways Charter Bus Co., LLC, Maverick Kirkland II LLC, Wendover Nugget Operator LLC, NG Washington III LLC, Maverick Lakewood LLC, Maverick Kirkland LLC, MVFTWO SERIES THREE LLC, Red Garter Operator LLC, Johnny Z Casino Operator LLC, Gold Country Operator LLC, MVFTWO LLC, TROPICALSMOOTHIEAZ2 L.L.C., TROPICALSMOOTHIEAZ3 L.L.C., VERITASFAYTHE INC., and VERITASFAYTHESEVEN LLC ("**Plaintiffs**"), and the United States Small Business Administration ("**SBA**").  The Plaintiffs and the SBA are referred to herein each as a "**Party**" and collectively as the "**Parties**".

WHEREAS, the Plaintiffs, along with Maverick Yakima LLC, Red Lion Operator, MVFTEN, TROPICALSMOOTHIEAZ1, TROPICALSMOOTHIEAZ4, TROPICALSMOOTHIEAZ5, VERITASFAYTHETHREE, VERITASFAYHETWO, MVF, MVFEIGHT, VERITASFAYTHETEN, VERITASFAYTHETWELVE, Qdobavegas, VERITASFAYTHEFOURTEEN, and VERITASFAYTHEEIGHT (collectively with the Plaintiffs, the "**PPP Borrowers**") each applied for and obtained certain Paycheck Protection Program ("**PPP**") loans (the "**PPP Loans**") pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), in the total amount of $11,570,622.59;

WHEREAS, each of the PPP Borrowers sought forgiveness of their PPP Loans;

WHEREAS, the SBA denied forgiveness of certain of the PPP Loans on account of Interim Final Rule 7, 85 Fed. Reg. 26324-26 (May 4, 2020);

WHEREAS, on June 6, 2024, the Plaintiffs, commenced an action in in the United States District Court for the District of Columbia seeking to compel forgiveness of their PPP Loans and related relief captioned *Utah Trailways Charter Bus Co. LLC et al. v. United States Small Business Administration et al.*, Case No. 1:24-cv-01659 (TNM) (the "**Pending Action**");

WHEREAS, on October 10, 2024, the parties to the Pending Action jointly sought, and subsequently obtained, a stay of applicable deadlines in the Pending Action to allow for settlement discussions;

WHEREAS, on July 14, 2025, Utah Trailways Charter Bus Co., LLC, Maverick Kirkland II LLC, Wendover Nugget Operator LLC, NG Washington III LLC, Maverick Lakewood LLC, Maverick Kirkland LLC, Red Garter Operator LLC, Johnny Z Casino Operator LLC, Gold Country Operator (collectively, the "**Debtor Plaintiffs**") commenced bankruptcy cases that are being jointly administered, with the bankruptcy cases of affiliated debtors, under the caption *In re RunItOneTime LLC et al.*, Case No. 25-90191 (ARP) (the "**Bankruptcy Cases**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

WHEREAS, MVFTWO SERIES THREE LLC, MVFTWO LLC, TROPICALSMOOTHIEAZ2 L.L.C., TROPICALSMOOTHIEAZ3 L.L.C., VERITASFAYTHE INC., and VERITASFAYTHESEVEN LLC (collectively, the "**Non-Debtor Plaintiffs**") as well as certain other affiliated entities including MVFTEN, TROPICALSMOOTHIEAZ1,

TROPICALSMOOTHIEAZ4, TROPICALSMOOTHIEAZ5, VERITASFAYTHETHREE, VERITASFAYHETWO, MVF, MVFEIGHT, VERITASFAYTHETEN, VERITASFAYTHETWELVE, Qdobavegas, VERITASFAYTHEFOURTEEN, and VERITASFAYTHEEIGHT have not commenced bankruptcy cases;

WHEREAS, the SBA has filed proof of claim nos. 479 against Red Garter Operator LLC, 480 against Utah Trailways Charter Bus Co. LLC, 481 against Maverick Lakewood LLC, 482 against Maverick Kirkland LLC, 483 against Maverick Kirkland II LLC, 484 against NG Washington III LLC, 485 against Johnny Z Casino Operator LLC, 486 against Gold Country Operator LLC, and 491 against Wendover Nugget Operator LLC, totaling $7,868,690.35; and

WHEREAS, the stay has been lifted in the Pending Action, and the Parties consider it to be in their respective best interests to resolve the disputes among them relating to the Pending Action and the PPP Loans pursuant to the terms of this Agreement.

NOW, THEREFORE, the Parties agree as follows:

1.      Claim Resolution. The claims filed by the SBA in the Bankruptcy Cases shall be resolved as set forth below, with treatment in accordance with a confirmed plan of reorganization or liquidation in the Bankruptcy Cases or as otherwise may be ordered by the Bankruptcy Court:

a.      Proof of claim no. 479 is hereby fixed and allowed as a general unsecured claim against Red Garter Operator LLC in the amount of $566,972.00.

b.      Proof of claim no. 480 is hereby fixed and allowed as a general unsecured claims against Utah Trailways Charter Bus Company LLC in the amount of $89,185.49.

c.      Proof of claim no. 481 is hereby fixed and allowed as a general unsecured claim against Maverick Lakewood LLC in the amount of $570,370.00.

d.      Proof of claim no. 482 is hereby fixed and allowed as a general unsecured claim against Maverick Kirkland LLC in the amount of $511,335.00.

e.      Proof of claim no. 483 against Maverick Kirkland II LLC is hereby disallowed.

f.      Proof of claim no. 484 is hereby fixed and allowed as a general unsecured claim against NG Washington III LLC in the amount of $318,674.66.

g.      Proof of claim no. 485 is hereby fixed and allowed as a general unsecured claim against Johnny Z Casino Operator LLC in the amount of $73,219.00.

h.      Proof of claim no. 486 against Gold Country Operator LLC is hereby disallowed.

i.      Proof of claim no. 491 against Wendover Nugget Operator LLC is hereby disallowed.

The total amount of SBA's unsecured claims that will remain will be $2,129,756.15, which is the total of the allowed claims in paragraph 1(a)-(i) above.

      2.    <u>Loan Forgiveness</u>.  Except to the extent of any claims allowed in accordance with paragraph 1 above, the SBA grants forgiveness of PPP loan numbers:

6523817204 Red Garter Operator
5562707204 Maverick Kirkland LLC,
5037217201 NG Washington III LLC,
6547757204 Johnny Z Casino Operator LLC,
5418357201 Maverick Lakewood LLC, and
1780087404 Utah Trailways Charter Bus Co. LLC.

The SBA grants full forgiveness of the following PPP loan numbers:

6796977201 Gold Country Operator,
4428507208 Maverick Kirkland II LLC,
4468727209 Wendover Nugget Operator LLC,
5738727204 Maverick Yakima LLC,
4595407210 Red Lion Operator,

8343317710 VERITASFAYTHE INC,
7429407709 VERITASFAYTHETWO,
7343617701 VERITASFAYTHETHREE,
8426507300 VERITASFAYTHESEVEN LLC,
9412377106 VeritasfaytheEight,
8144537703 VERITASFAYTHETEN,
8142117702 VERITASFAYTHETWELVE,
8448897302 VERITASFAYTHEFOURTEEN,
8251427700 MVF,
8173857704 MVFEIGHT,
7526077708 MVFTEN,
7277087709 MVFTWO,
5637097304 MVFTWO SERIES THREE
8103837703 TROPICALSMOOTHIEAZ1,
8195517708 TROPICALSMOOTHIEAZ2,
8265277704 TROPICALSMOOTHIEAZ3,
7386137710 TROPICALSMOOTHIEAZ4,
7441127700 TROPICALSMOOTHIEAZ5, and
7912207305 Qdobavegas.

The total forgiveness of the PPP Loans is $9,440,866.44.

Within thirty (30) days after Bankruptcy Court approval of this Agreement, SBA shall: (i) process and approve forgiveness of all loans identified above; (ii) issue written full or partial forgiveness decision letters or status updates confirming such loans have been marked 'forgiven' or 'partially forgiven' in SBA's records and any applicable lender/servicer systems; and (iii)

deliver copies of all such documentation to Plaintiffs' counsel. SBA shall not pursue, and shall cause any servicer not to pursue, any collection activity on forgiven portions.

3.      Fees. Costs. and Expenses. The partial forgiveness amount described in paragraph 2, above, represents the entire amount of the compromise settlement. The respective parties will each bear their own costs, fees, and expenses, including attorney's fees, incurred in relation to this matter.

4.      Effectiveness.  This Agreement shall be effective upon approval by the Bankruptcy Court (the "effective date").  Within 3 business days of the full execution of this Agreement, (a) the Debtor Plaintiffs shall file a motion with the Bankruptcy Court for such approval and use good faith reasonable efforts to pursue such approval, and (b) the Parties shall jointly seek a stay of the Pending Action to allow for such motion to be filed and heard by the Bankruptcy Court.

5.      Resolution of Litigation.  Within 3 business days of Bankruptcy Court approval of this Agreement, the Plaintiffs shall dismiss the Pending Action with prejudice by stipulation pursuant to Federal Rule of Civil Procedure 41(1)(A)(ii) in the form attached hereto.

6.      Releases.  Upon receipt of the SBA's partial forgiveness action described in paragraph 2, above, Plaintiffs, including their successors and agents, fully and forever releases, acquits, and discharges Defendants and their components, agents, employees, and former employees, either in their official or individual capacities, from any and all claims, demands, and causes of action of every kind, nature, or description, whether known or unknown, that Plaintiffs may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the effective date of this Settlement Agreement relating to all claims that were raised or could have been raised in this action and all other claims relating to the litigation and the Loan. Notwithstanding SBA's partial forgiveness action, the following claims and rights of the United States are specifically reserved and not released:

   a. Any liability arising under Title 26 of the United States Code (Internal Revenue Code);
   b. Any criminal liability; and
   c. Any civil or administrative monetary claim the United States has under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the Financial Institution Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. §§ 1833a.

7.      Further Assurances.  The Parties agree to do and perform, or cause to be done and performed, all such further acts and things, and to cooperate in the execution and delivery of any other or further documentation, as may be reasonably necessary to give effect to this Agreement.  Without limiting the foregoing, SBA shall execute or issue, as applicable, any additional forgiveness applications, lender notifications, or record updates reasonably requested by Plaintiffs.

8.      Tax Consequences. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs. This Settlement Agreement is executed without any reliance upon any representation by Defendants as to tax consequences, and Plaintiffs

are responsible for any tax consequences that may be associated with the partial forgiveness of the Loan or that otherwise may arise from this Settlement Agreement.

9. No Admissions. Neither this Agreement, nor the settlement provided for herein, nor any statement made, action or position taken, or document prepared or executed in connection with the negotiation, execution or implementation of this Agreement and the settlement provided for herein shall be deemed to be, or construed as, an admission by any party hereto of any liability, wrongdoing, act or matter or that any claim or defense has or lacks merit.

10. No Precedential Value. This Settlement Agreement shall have no precedential value whatsoever in any future or pending complaints, grievances, appeals, or lawsuits against the Defendants, their agencies, and their agents, officers, or employees. This Settlement Agreement may not be cited by any person as a model for any future settlement in any forum, provided, however, that the parties may cite this agreement in support of any claim that the other party has breached its terms.

11. Remedies. Each Party hereto recognizes and acknowledges that a breach by any Party of any covenants or agreements contained in this Agreement would cause the other Parties to sustain damages for which there would not have an adequate remedy at law for money damages and each non-breaching Party shall be entitled to specific performance and injunctive or other equitable relief (including attorneys' fees and costs) as a remedy of any such breach, without the necessity of proving the inadequacy of money damages as a remedy. Each Party hereby waives any requirement for the security or posting of any bond or similar instrument in connection with such remedies.

12. Entire Agreement. This Agreement contains the entire understanding of the Parties and supersedes any and all prior agreements or negotiations, whether oral or in writing, with respect to its subject matter, and it may not be changed, modified, or otherwise altered except by an agreement in writing that is signed by all Parties. This Agreement shall be treated as jointly drafted, and no presumption in favor of or against any Party shall apply in interpreting its terms.

13. Successors. This Agreement shall be binding on and inure to the benefit of the Parties and their respective legal representatives, successors, and assigns.

14. Severability. If any provision of this Agreement or the application of any provision to any party or circumstance is determined by a court to be invalid or unenforceable to any extent, the remainder of this Agreement will remain unaffected and will be valid and enforceable to the fullest extent permitted by law.

15. Counterparts. This Agreement may be executed in counterparts, and all such counterparts together shall constitute the entire agreement of the Parties. Delivery of an executed counterpart of a signature page to this Agreement by facsimile, email in portable document format (.pdf), or electronic signature (including DocuSign or similar electronic signature service) shall be effective as delivery of a manually executed counterpart of this Agreement.

IN WITNESS WHEREOF, the Parties, by and through their respective counsel, have executed this Agreement as of the date noted in the first paragraph.

**Latham & Watkins LLP**

_Signed by:_

_kyle Jefcoat_

—4DBF399EFE4B498...

Kyle R. Jefcoat (D.C. Bar No. 492380)
Dean W. Baxtresser (D.C. Bar No. 1012089)
Genevieve P. Hoffman (D.C. Bar No. 155092)
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
kyle.jefcoat@lw.com
dean.baxtresser@lw.com
genevieve.hoffman@lw.com

_Attorneys for the Debtor Plaintiffs_

**Raines Feldman Littrell LLP**

_DocuSigned by:_

_David Forsh_

—4E48A4E14650474...

Hamid R. Rafatjoo (pro hac vice)
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Tel: (310) 440-4100
hrafatjoo@raineslaw.com

- and -

David S. Forsh (Texas Bar No. 24094202)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Tel: (917) 790-7100
dforsh@raineslaw.com

_Attorneys for the Non-Debtor Plaintiffs_

**Jeanine Ferris Pirro**
**United States Attorney**

By: DERRICK PETIT

Digitally signed by DERRICK PETIT
Date: 2026.06.01 08:39:23 -04'00'

Derrick A. Petit (D.C. Bar No. 144466)
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7269
Derrick.Petit@usdoj.gov

_Attorneys for the United States Small Business Administration_